## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS -
## AUSTIN DIVISION

| | |
|---|---|
| **VINCE BROWN,** | |
| **Plaintiff,** | |
| v. | **CIVIL ACTION NO. 1:21-cv-01163** |
| **AUSTIN MAC HAIK FORD LINCOLN LTD,** | |
| **Defendant.** | **JURY TRIAL DEMANDED** |

### PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Vince Brown, ("Brown" or "Plaintiff"), by and through his attorney of record, hereby complains of Austin Mac Haik Ford Lincoln, Ltd ("Mac Haik Ford" or "Defendant"), and for causes of action would show as follows:

### 1. INTRODUCTION

1.1. Plaintiff complains that he was discriminated against regarding the terms and conditions of his employment and ultimately terminated because of his race and because of his association with a person with a disability, in violation of the Americans with Disabilities Act of 1990, as amended ("ADAAA"), Title VII of the Civil Rights Act of 1964, and 42 U.S.C. § 1981.

1.2. In addition, Plaintiff complains that he was terminated because of his intention to use medical benefits to which he was entitled, in violation of Section 510 of the Employee Retirement Income Security Act ("ERISA").

1.3. This action seeks lost wages and benefits, compensatory and punitive damages, expert witness fees, court costs, attorney's fees, pre-judgment and post-judgment interest, and all other damages permitted at law or in equity.

## 2. PARTIES

2.1. Plaintiff is a resident of Franklin County, Louisiana.

2.2. Defendant is a domestic limited partnership. Defendant may be served with process via its registered agent, Mac Haik, at the following address: 11757 Katy Freeway, Suite 1500, Houston, Texas 77079.

## 3. JURISDICTION

3.1. This action is brought under the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*; 42 U.S.C. § 1981; and the Employee Retirement Income Security Act, 29 U.S.C. § 1140.

3.2. The unlawful employment practices were committed within the jurisdiction of the United States District Court for the Western District of Texas--Austin Division.

3.3. This Court has jurisdiction over all claims in this action. The amount in controversy is within the jurisdictional limits of this Court.

## 4. PROCEDURAL REQUISITES

4.1. Plaintiff has satisfied all procedural requisites to the filing of this suit.

## 5. FACTS

5.1. Brown has worked for Mac Haik Ford several times, in steadily higher positions, during the last 22 years. Brown was first hired at Mac Haik Ford's original Katy location in 1998 and worked for Mac Haik Ford as Special Finance Representative until 2003. In 2007, Brown was hired again at the Katy location as a sales associate and worked until 2009 when he left to attend F&I school. After working in Arkansas, Brown came back to work at Mac Haik Dodge in Killeen in 2018. Most recently, Brown was hired as Finance Manager at Mac Haik Ford in Georgetown beginning November 23, 2020.

5.2. In his position as Finance Manager, Brown reported directly to Duane Harris, General Manager over the Georgetown location. Brown was the only Black employee in a manager or higher role at the Georgetown store.

5.3. In January, 2021, Brown and Harris were discussing that Brown and his wife were pregnant with twins. Harris asked Brown, "Are you going to put them on our insurance? Kids are expensive. You're going to run up my insurance costs."

5.4. During the period February 11-18, 2021, Mac Haik Ford Georgetown was closed due to Winter Storm Uri and the associated power grid failures. Mac Haik Ford Georgetown reopened on February 19, 2021.

5.5. On February 18, 2021, Brown informed Harris that his wife, Mrs. Kim Brown ["Mrs. Brown"], was suffering from preeclampsia and that she was in the hospital fighting to avoid preterm labor with their twin babies. Brown told Harris: "I am terribly worried about her. I've never seen her like this before. I just need to take some time and focus my energy on her, and bringing our children in the world safely. During this sensitive matter, I've never asked for time off. At this point I'm asking for some grace. I can't sleep, barely eat, and my wife's health is constantly on my mind. I need to be with her until the arrival of our children."

5.6. Brown further explained to Harris on February 18, 2021 that he could not be around other people per his wife's doctor's orders until the birth, because of the risk that any germs or infection posed to his wife.

5.7. On Tuesday, February 23, 2021, Mrs. Brown gave birth by c-section. The twins stayed in the NICU until March 14, 2021.

5.8. On February 26, 2021, Mrs. Brown developed blood clots and had to undergo a second operation. On March 5, 2021, Mrs. Brown required a third followup surgery. Brown kept his manager apprised of all of these developments.

5.9. On Friday, March 10, 2021, Harris informed Brown that he was terminated. Mr. Harris told Brown that he had to rehire the position because Brown had exhausted 30 days of leave.

5.10. Mac Haik Ford has accommodated leaves of absence for over 30 days, for employees who were not Black.

5.11. Mac Haik Ford did not follow its 30-day leave policy, demonstrating its bias against Brown because of his association with his wife, who was struggling with a severe disability at the time, and because of his race. Brown had taken just 19 days of leave when he was summarily terminated. Had Brown been allowed just 30 days' leave, his wife and children would have been safely at home as of March 17, 2021 and Brown would have been able to return to his job.

5.12. Accordingly, Brown was not terminated for legitimate business reasons.

5.13. Brown was terminated because of his association with his wife, a person with a disability; because he planned to use his medical insurance benefits; and because of his race.

5.14. Mac Haik Ford's termination of Brown violates federal law, including 42 U.S.C. § 1981; Title VII of the Civil Rights Act of 1964; the Americans with Disabilities Act; and Section 510 of the Employee Retirement Income Security Act of 1974.

### 6. FIRST CAUSE OF ACTION: DISABILITY DISCRIMINATION

6.1. Brown incorporates all allegations contained in the foregoing paragraphs.

6.2. Defendant discriminated against Brown in violation of the Americans with Disabilities Act, as amended ("ADAAA").

6.3. Brown was associated with a person with a disability, his wife.

6.4. Brown was subjected to different terms and conditions of employment and was ultimately terminated by Defendant because of his association with a person with a disability, as that term is defined under the ADAAA.

6.5. Defendant's subjecting Brown to different terms and conditions of employment and its termination of Brown's employment constitute disability discrimination under the ADAAA, 42 U.S.C. § 12101, *et seq.*

6.6. As a result of Defendant's discriminatory actions, Brown has suffered lost wages and benefits in the past and future, loss of future earnings capacity, and past and future emotional pain and suffering, all of which were caused by Defendant's treatment of Brown, and, in all probability, Brown will continue to suffer such damages.

6.7. Further, Defendant acted with malice or, in the alternative, with reckless indifference to the federally protected rights of Brown. He is, therefore, entitled to punitive damages and all other damages available under the ADAAA.

7. **SECOND CAUSE OF ACTION: RACE DISCRIMINATION UNDER TITLE VII**

7.1. Brown incorporates all allegations contained in the foregoing paragraphs.

7.2. Brown was subjected to discrimination in the terms and conditions of his employment based on his race. Brown was terminated because of his race.

7.3. As a result of Defendant's discriminatory actions, Brown has suffered lost wages and benefits in the past and future, loss of future earnings capacity, and past and future emotional pain and suffering, all of which were caused by Defendant's treatment of Brown, and, in all probability, Brown will continue to suffer such damages.

7.4. Further, Defendant acted with malice or, in the alternative, with reckless indifference to the federally protected rights of Brown. He is, therefore, entitled to punitive damages and all other damages available under Title VII.

**8. THIRD CAUSE OF ACTION: RACE DISCRIMINATION UNDER 42 U.S.C. § 1981**

8.1. Brown incorporates all allegations contained in the foregoing paragraphs.

8.2. Brown was subjected to discrimination in the terms and conditions of his employment based on his race. Brown was terminated because of his race.

8.3. As a result of Defendant's discriminatory actions, Brown has suffered lost wages and benefits in the past and future, loss of future earnings capacity, and past and future emotional pain and suffering, all of which were caused by Defendant's treatment of Brown, and, in all probability, Brown will continue to suffer such damages.

8.4. Further, Defendant acted with malice or, in the alternative, with reckless indifference to the federally protected rights of Brown. He is, therefore, entitled to punitive damages and all other damages available under Section 1981.

**9. FOURTH CAUSE OF ACTION: EMPLOYEE RETIREMENT INCOME SECURITY ACT**

9.1. Brown incorporates all allegations contained in the foregoing paragraphs.

9.2. Defendant discriminated against Brown and interfered with his entitlement to benefits by terminating his employment in whole or in part to prevent him from receiving medical insurance benefits.

9.3. ERISA Section 510 makes it unlawful for an employer to interfere with an employee's entitlement to benefits under an ERISA covered plan by terminating the employee.

9.4. As a result of Defendant's discriminatory actions, Brown has suffered lost wages and benefits in the past and future, loss of future earnings capacity, and past and future

emotional pain and suffering, all of which were caused by Defendant's treatment of Brown. Brown also sues for the recovery of punitive damages as authorized by statute.

## 10. DAMAGES

10.1. As a result of Defendant's conduct, Brown seeks the following relief: (1) past and future lost wages and benefits; (2) out of pocket expenses; (3) costs of court and attorney's fees; (4) past and future mental anguish and emotional distress damages; (5) compensatory damages; and (6) all other damages to which he shows himself entitled, whether in equity or at law.

10.2. The wrongful conduct of Defendants is evidenced by a consciously indifferent attitude towards employees' rights under the ADAAA, Title VII, Section 1981, and ERISA. As a result of this conduct, punitive damages should be assessed against Defendants so as to deter this type of conduct in the future.

## 11. JURY DEMAND

11.1. Plaintiff hereby makes a request for a jury trial in this cause, and has paid the required jury fee.

## 12. PRAYER

12.1.   Plaintiff respectfully prays for the following relief:

   a. Judgment against Defendant for actual damages sustained by Plaintiff as alleged herein;

   b. Grant Plaintiff general damages for the damage to Plaintiff caused by Defendant's violations of the ADAAA, Title VII, Section 1981, and ERISA;

   c. Pre-judgment interest at the highest legal rate;

   d. Post-judgment interest at the highest legal rate until paid;

   e. Back-pay;

   f. Front-pay;

   g. Damages for emotional distress and mental anguish in the past and future;

h.  Reinstatement;

i.  Exemplary damages;

j.  Attorneys' fees;

k.  All costs of court;

l.  Such other and further relief, at law or in equity, general or special to which Plaintiff may show he is justly entitled.

Respectfully submitted,

SHELLIST LAZARZ SLOBIN LLP

*/s/ Dorian Vandenberg-Rodes*
Todd Slobin
State Bar No. 24002953
tslobin@eeoc.net
Dorian Vandenberg-Rodes
State Bar No. 24088573
drodes@eeoc.net
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
(713) 621-2277 (Tel)
(713) 621-0993 (Fax)

ATTORNEYS FOR PLAINTIFF